UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBIN L. DOBBEL and JONATHAN K. DOBBEL,

Plaintiffs,

v.

LIBERTY INSURANCE CORPORATION; et al.,

Defendants.

No. 2:17-cv-02114-MCE-EFB

**MEMORANDUM AND ORDER**

By way of the present action, Plaintiffs Robin and Jonathan Dobbel ("Plaintiffs") seek redress from Defendants Liberty Insurance Corporation ("Liberty"), Liberty Mutual Insurance Company ("Liberty Mutual"), Liberty Mutual Holding Company ("Liberty Holding"),[1] and Andi Shaffer ("Shaffer"), an insurance adjuster for Liberty (collectively "Defendants"). The Court will not recite all factual allegations of the First Amended Complaint ("FAC") here, but Plaintiffs essentially allege that Liberty insured their home, that the home sustained water damage due to a broken pipe and a crack in the stucco exterior, that Shaffer was assigned to their claim, and that Liberty failed to authorize

---

[1] Liberty was originally erroneously sued as Liberty Mutual Insurance Company. Liberty Mutual Insurance Company remains a named defendant in the First Amended Complaint, but is now named in its capacity as a parent company of Liberty (and another subsidiary of Liberty Holding, another defendant in the action). The Court will refer to all three collectively as the "Liberty Defendants."

1

adequate repairs and replacement to the property. The FAC additionally alleges that Shaffer failed to advise Plaintiffs that they could relocate during the repairs—a benefit under their policy—and that such an omission amounts to a misrepresentation of their benefits. The FAC sets forth six causes of action: (1) breach of contract against the Liberty Defendants; (2) breach of the duty of good faith against the Liberty Defendants; (3) unfair competition against the Liberty Defendants; (4) negligent misrepresentation against all Defendants; (5) intentional misrepresentation against Shaffer only; and (6) concealment against all Defendants.

Plaintiffs originally filed their complaint in the Sacramento County Superior Court against Liberty Mutual and Anderson Group International. After Plaintiffs settled with Anderson, Liberty Mutual removed the action to this Court, citing diversity of citizenship since Plaintiffs are residents of California and the Liberty Defendants are residents of Massachusetts. Upon the filing of Liberty Mutual's Motion to Dismiss, Plaintiffs then filed the operative FAC, mooting that first motion. Among other changes and additions, the FAC purports to add Shaffer as an individual defendant in this action. If legitimate, the joinder of Shaffer—a California resident—destroys diversity and the action must be remanded to Sacramento Superior Court.

Presently before the Court are Plaintiffs' Motion to Remand (ECF No. 11) and Defendants' Motions to Dismiss (ECF Nos. 14 and 18). The Motions substantially overlap, with Defendants moving to dismiss, <u>inter alia</u>, Defendant Shaffer as an inappropriate defendant, and Plaintiffs moving to remand based on Shaffer's presence in the action. For the reasons set forth below, Defendants' Motion to Dismiss, ECF No. 14, is GRANTED while their subsequent Motion to Dismiss, ECF No. 18, is DENIED.[2] Plaintiffs' Motion to Remand is also DENIED.[3]

///

---

[2] Defendants' second Motion to Dismiss is largely duplicative of the first, and is denied as moot.

[3] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

# STANDARDS

## A. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

1 claims across the line from conceivable to plausible, their complaint must be dismissed."
Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud." "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

4

### B. Motion to Remand

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///

///

# ANALYSIS

**A.     Motion to Dismiss**

Defendants' motion does not challenge Plaintiffs' causes of action for breach of contract and breach of the duty of good faith against Liberty.  Rather, Defendants move to dismiss: (1) parent companies Liberty Mutual and Liberty Holding; (2) Defendant Shaffer; and (3) the causes of action for unfair competition and fraud.

**1.     Parent Companies**

Defendants argue that Liberty Mutual and Liberty Holding are improper parties to this action because only Liberty is the insurer of the policy at issue here, and neither Liberty Mutual nor Liberty Holding are parties to the policy.  As such, Liberty Mutual and Liberty Holding are named in this action solely in their capacities as parent companies, and parent companies are not liable for the acts or omissions of their subsidiaries.  Plaintiffs concede that Liberty issued the policy, and further concede that parent companies are not generally liable for their subsidiaries.  In an attempt to keep Liberty Mutual and Liberty Holding in the action, however, Plaintiffs note that a handful of exceptions <u>might</u> apply in which parent companies can be held liable.  More specifically, Plaintiffs argue that they believe the parent companies here ratified Liberty's conduct, and ratification is one theory under which parent companies may be held liable.

Plaintiffs are correct that ratification may be an exception to the general rule that parent companies are not liable for the conduct of their subsidiaries.  But—where Plaintiffs even mention ratification in the FAC—they have failed to allege any facts supporting such a theory.  At a minimum, Plaintiffs must allege facts sufficient to support a ratification theory.  Liberty Mutual and Liberty Holding are therefore DISMISSED, and Plaintiffs will be permitted one opportunity to amend to allege facts supporting such a theory.

///

///

### 2. Defendant Shaffer

Shaffer was Liberty's adjuster assigned to Plaintiffs' claims. According to the FAC, Shaffer spoke with Plaintiffs about the possibility of Plaintiffs relocating to a hotel during repairs but never told Plaintiffs that relocation was a covered benefit under their policy. Consequently, the FAC alleges that Shaffer's omission was a misrepresentation of the benefits available, and that Plaintiffs relied on that misrepresentation when they stayed in their home during mold remediation and repair work. The FAC alleges causes of action for negligent and intentional misrepresentation as well as concealment against Shaffer.[4]

Courts adjudicating insurance disputes under California law rarely permit direct claims against an insurer's individual employees for conduct arising solely from the insurer's performance under the policy. See Icasiano v. Allstate Ins. Co., 103 F. Supp. 2d 1187, 1189 (N.D. Cal. June 23, 2000) ("An agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency."). Under California law, insurance company employees who act within the course and scope of their employment cannot be held individually liable for that conduct unless they act as a dual agent or for their own personal benefit. Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003). This rule applies even to an insured's claims of fraud. Icasiano, 103 F. Supp. 2d at 1190.

Here, as in Durban v. State Farm General Ins. Co., No. 2:16-cv-00754-MCE-EFB, 2016 WL 4096801 (E.D. Cal. 2016), nothing in the FAC suggests that Shaffer acted outside the scope of her employment, as a dual agent, or for her own personal benefit. As a result, she is an improper defendant in this action. "In such cases, the cause of action lies against the insurance company and not its agent." Icasiano, 103 F. Supp. 2d at 1190. As a result, Defendant Shaffer is DISMISSED from this action. However, the Court finds leave to amend may not be futile, so Plaintiffs will have one opportunity to

---

[4] The Liberty Defendants are also joined in the causes of action for negligent misrepresentation and concealment, as addressed below.

7

amend their complaint to state a cause of action against Shaffer.  See Trew v. International Game Fish Ass'n, Inc., 404 F. Supp. 2d 1173, 1177 (N.D. Cal. Dec. 13, 2005) ("In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal without contradicting any of the allegations of the original complaint." (internal quotation marks and brackets omitted)).

### 3.     Unfair Competition

The FAC alleges unfair competition against the Liberty Defendants.  California's Business and Professions Code § 17200 et seq., more commonly known as California's Unfair Competition Law ("UCL") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice."  "Unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made."  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994) (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)).  A business act or practice is "unfair" when the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999).  A "fraudulent" business act or practice is one in which members of the public are likely to be deceived.  Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 618 (1996) ("'Fraudulent' . . . does not refer to the common law tort of fraud but only requires a showing [that] members of the public 'are likely to be deceived'").  "[T]he act provides an equitable means through which both public prosecutors and private individuals can bring suit to prevent unfair business practices and restore money or property to victims of these practices."  Yanting Zhang v. Superior Court, 57 Cal. 4th 364, 371, (2013).  As such, remedies under the UCL are limited to injunctive relief and/or restitution.  Id.  Plaintiffs' request for damages in connection with its UCL claim is therefore STRICKEN.

///

Plaintiffs additionally seek generalized "restitution and injunctive relief" in connection with their UCL claim, as is provided under the statute. But—Defendants argue—Plaintiffs fail to allege any facts supporting their entitlement to this relief. The Court agrees. First, "[r]estitution under the UCL is limited to restoration of any interest in money or property, real or personal, which may have been acquired by means of such unfair competition." Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am., No. SACV1601397CJCSSX, 2016 WL 9414093, at *2 (C.D. Cal. 2016) (internal quotation marks omitted). Plaintiffs' FAC, however, fails to allege facts indicating that any money was paid to Defendants that should be restored to Plaintiffs. Rather, the FAC seeks to enforce Defendants' obligation under the relevant insurance policy to pay amounts allegedly owed to Plaintiffs. These amounts are damages, not restitution.

Second, "[u]nder the UCL, injunctive relief is available to prevent the use or employment ... of any practice which constitutes unfair competition ... or as may be necessary to restore ... money or property." Stars & Bars, 2016 WL 9414093, at *3. But the FAC fails to allege any future conduct it aims to remedy. Again, as explained above, it seeks to enforce Defendants' obligation to pay amounts owed under the insurance policy. Consequently, while Plaintiffs' UCL claim may not be entirely foreclosed, Plaintiffs have not adequately pleaded entitlement to any relief available under the UCL at this time. For that reason, Plaintiffs' UCL cause of action is DISMISSED with leave to amend.

### 4. Negligent Misrepresentation

Lastly, the FAC alleges negligent misrepresentation and concealment against all Defendants.[5] As an initial matter, the Court notes that the pleading standard for Plaintiffs' fraud claims is heightened under Rule 9(b) and as a result "[t]he complaint must specify such facts as the times, dates, places, benefits received, and other details

---

[5] The Court does not directly address Plaintiffs' claim of intentional misrepresentation here as that claim is only raised against Defendant Shaffer, who has been dismissed from the action. To the extent Plaintiffs amend their claims against Shaffer, they are cautioned to cure all potential deficiencies with those claims.

9

of the alleged fraudulent activity." Neubronner, 6 F.3d at 672.  It does not appear Plaintiffs dispute the applicability of Rule 9(b).

The basis for the fraud causes of action is Shaffer's failure to advise Plaintiffs—in the course of at least one conversation about obtaining alternate housing during repairs—that relocation was a covered benefit under Plaintiffs' policy.  See FAC, ¶¶ 110, 128.  Plaintiffs argue that by her omission Shaffer misrepresented the benefits available to Plaintiffs.  Defendants argue for dismissal on grounds that the FAC concedes that Shaffer made no affirmative misrepresentation.  Rather, taking the facts pleaded as true, while Shaffer remained silent on the issue, she did not make a false statement of material fact, as required for an actionable misrepresentation claim.  Defendants argue that these facts amount to a potential cause of action for concealment (as addressed below), but not negligent or intentional misrepresentation.

Defendants are correct.  Under California Civil Code § 1709, a cause of action for fraudulent concealment lies against "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk . . . ."  Section 1710 then defines the four types of deceit, including (1) intentional misrepresentation, (2) negligent misrepresentation, and (3) concealment.  The first two require the "suggestion" or "assertion" of something as a fact, whereas the third requires "the suppression of a fact."  See Witkin Summary of California Law, 10th Edition, Vol. 5 Torts, § 767; see also, CACI Jury Instructions §§ 1900 (intentional misrepresentation), 1901 (concealment), and 1903 (negligent misrepresentation).  Plaintiffs are correct, therefore, that a cause of action may lie in fraud for either concealment of a fact or misrepresentation of a fact, and they are correct that deceit may be negative as well as positive.  Opp. at 10.  Where they err, however, is in their position that concealment and misrepresentation are the same thing, and in their argument that both causes of action can be adequately alleged under the facts presented in the FAC.  Rather, under the facts pleaded, Plaintiffs have failed to allege a positive misrepresentation of fact and therefore fail to state a claim for
///

intentional or negligent misrepresentation. The misrepresentation claims are therefore DISMISSED with leave to amend.

### 5. Concealment

Finally, Plaintiffs' concealment claim is premised on the same omission by Ms. Shaffer. While Defendants concede that the FAC otherwise alleges concealment, they argue that California law does not impose liability on an insurer or its adjuster for failing to advise the insured of a benefit that is stated in the insured's policy. This is especially true in light of the insured's independent duty to read and be informed about his or her own policy benefits. See Hackethal v. National Cas. Co., 189 Cal. App. 3d 1102, 1112 (1987); Hadland v. NN Investors Life Ins. Co., 24 Cal. App. 4th 1578, 1586 (1994). Put differently, Defendants contend Plaintiffs have failed to show—and cannot show—detrimental reliance "where the insured is charged with imputed knowledge as a matter of law of the facts allegedly being concealed." Mot. at 12. In opposition, Plaintiffs argue that there is no reason to allow a misrepresentation claim against an insurer, but not a concealment claim. Opp. at 11. They also argue that their duty to read the policy has nothing to do with the insurer's actions here, nor with the insurer's duty to respond when a benefit is requested. Id. at 11-12.

Plaintiffs plead facts supporting their claim that they detrimentally relied on Shaffer's omission. But although the reasonableness of that reliance is generally a question of fact, "whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts." Guido v. Koopman, 1 Cal. App. 4th 837, 843 (1991). Here, Plaintiffs are indeed charged with imputed knowledge of the terms of their policy. As such, any reliance by Plaintiffs on Shaffer's silence was unreasonable as a matter of law. Defendants' Motion to Dismiss the concealment cause of action is therefore GRANTED and, because the Court finds amendment of this claim would be futile, leave to amend is denied.[6]

---

[6] It should be noted that the Court does not condone Shaffer's alleged failure to respond to Plaintiffs' request. Rather, the proper action lies in a breach of contract or bad faith claim, both of which have also been alleged in this action.

11

**B.     Motion to Remand**

Because Defendant Shaffer has been dismissed from this action, complete diversity exists between the remaining parties and Plaintiffs lack grounds to remand the action to state court.  Moreover, and following the analysis above, the Court alternatively finds Defendant Shaffer was improperly joined in this action for the purpose of destroying diversity because the claims against her are not valid.  See <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir.1987) ("If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").  If Plaintiffs are able to successfully amend their claims against Shaffer, the Court will entertain a subsequent Motion to Remand.  Plaintiffs' Motion to Remand is therefore DENIED without prejudice.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 14, is GRANTED.  Defendants' second Motion to Dismiss, ECF No. 18, however, is DENIED as moot.  Plaintiffs' Motion to Remand, ECF No. 11, is DENIED.  Plaintiffs are ordered to file an amended complaint not later than twenty (20) days from the date of electronic filing of this Order.

IT IS SO ORDERED.

Dated:  July 19, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE