UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN L. DOBBEL and JONATHAN K. DOBBEL,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL HOLDNG COMPANY, INC.; LIBERTY MUTUAL INSURANCE COMPANY; ANDI SHAFFER and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:17-cv-02114-MCE-EFB<br><br><br>**ORDER** |

By way of the present action, Plaintiffs Robin and Jonathan Dobbel ("Plaintiffs") seek redress from Defendants Liberty Insurance Corporation ("Liberty"), Liberty Mutual Insurance Company ("Liberty Mutual"), Liberty Mutual Holding Company ("Liberty Holding")[1], and Andi Shaffer ("Shaffer"), an insurance adjuster for Liberty (collectively "Defendants"). In response to the Court's July 20, 2018 Order (ECF No. 28), Plaintiffs filed a Second Amended Complaint ("SAC") alleging five causes of action: (1) breach of

---

[1] Liberty was originally erroneously sued as Liberty Mutual Insurance Company. Liberty Mutual Insurance Company remains a named Defendant in the Second Amended Complaint, but is now named in its capacity as a parent company of Liberty (and another subsidiary of Liberty Holding, another Defendant in the action). The Court will refer to all three collectively as the "Liberty Defendants."

1

contract; (2) breach of the duty of good faith; (3) unfair competition; (4) negligent misrepresentation; and (5) intentional misrepresentation. SAC, ECF No. 29, at 1. Plaintiffs allege, <u>inter alia</u>, that Liberty wrongly refused to authorize adequate repairs to their home after it sustained water damage from a broken pipe. Plaintiffs additionally allege that Shaffer failed to advise them of relocation options during the repairs—a benefit under their policy—and that this omission amounted to a misrepresentation of their benefits.

Presently before the Court are Plaintiffs' Motion to Remand (ECF No. 30) and Defendants' Motion to Dismiss. ECF No. 32. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED in part, and DENIED in part. Plaintiffs' Motion to Remand is DENIED.[2]

# **BACKGROUND**[3]

Liberty issued an insurance policy to Plaintiffs providing insurance coverage for their home. On January 15, 2016, the home sustained water damage due to a broken condensation pipe, which resulted in Plaintiffs submitting a claim under the policy. Defendant Shaffer was Liberty's adjuster assigned to the matter, and processed Plaintiffs' claims for damage to the master bedroom and bathroom, as well as for an additional bedroom. Anderson Group International ("AGI") began repairs to Plaintiffs' home on approximately January 20, 2016. Prior to the start of these repairs, Plaintiffs allegedly inquired with Shaffer about being relocated to a hotel, but she failed to advise them that alternate housing was a covered benefit under the policy. As a result, Plaintiffs remained in their home throughout the repairs, to include during mold

---

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

[3] Unless stated otherwise, the facts are taken from the Court's prior Order (ECF No. 28), Plaintiffs' SAC (ECF No. 29), and Defendants' Motion to Dismiss. ECF No. 32.

2

remediation procedures.  The SAC's additional allegations include, in part, that AGI caused secondary damage to Plaintiffs' hardwood floors, and that Liberty refused to (1) cover this additional flooring damage, (2) replace a mold-damaged bathroom cabinet, and (3) authorize the replacement of carpeting in non-damaged rooms to ensure a reasonably uniform appearance.  The parties' dispute over repairs continued, and resulted in Plaintiffs filing their original complaint in the Sacramento County Superior Court against the Liberty Defendants and AGI.  After Plaintiffs settled with AGI, the Liberty Defendants removed the action to this Court, citing diversity of citizenship since Plaintiffs are residents of California and the Liberty Defendants are residents of Massachusetts.  Plaintiffs' operative SAC purports to add Shaffer as an individual Defendant in this action.  If legitimate, the joinder of Shaffer—a California resident—destroys diversity and the action must be remanded to Sacramento Superior Court.

**STANDARDS**

**A.    Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u> (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion

3

couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that

4

"the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

### B. Motion to Remand

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-law claims and lacks a federal question on its face, then the federal court must grant the motion to remand. See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392. Nonetheless, there are rare exceptions when a well–pleaded state law cause of action will be deemed to arise under federal law and support removal. They are "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl. Remediation L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) (internal citations omitted).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

### A. Motion to Dismiss

Defendants' motion does not challenge Plaintiffs' causes of action for breach of contract and breach of the duty of good faith against Liberty. Rather, Defendants move to dismiss: (1) parent companies Liberty Mutual and Liberty Holding; (2) Defendant Shaffer; (3) the claim for unfair competition, and (4) the misrepresentation claim. The Court addresses each in turn.

#### 1. Parent Companies

Defendants argue that the parent companies are improper parties to this action because Liberty is the insurer of the policy at issue, and neither Liberty Mutual nor Liberty Holding are signatories to the policy. As discussed in the Court's previous Order, Liberty Mutual and Liberty Holding are named in this action solely in their capacities as

Liberty's parent companies, and parent companies are typically not liable for the acts or omissions of their subsidiaries. ECF No. 28, at 6:9-19. Plaintiffs concede that Liberty alone issued the policy, and acknowledge that parent companies generally are not liable for their subsidiaries' actions. SAC ¶ 31; Pls' Opp., ECF No. 34, at 12. Nevertheless, Plaintiffs pursue liability of the parent companies here under a ratification theory by claiming that Liberty Mutual and Liberty Holding implemented a clandestine policy of denying valid insurance claims in an effort to reduce costs. Pls' Opp., ECF No. 34, at 12:20-28; SAC ¶¶ 82-84.

Plaintiffs' contentions concerning the parent companies are unpersuasive, as plausible claims must be supported by pleaded facts, not conjecture. Iqbal, 556 U.S. at 678-79 ("Rule 8… does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Plaintiffs simply state that Liberty Mutual and Liberty Holding ratified an illicit policy, and directed Liberty to follow suit; no other allegations support a ratification theory of liability. SAC ¶ 84. Indeed, apart from this bare assertion, Plaintiffs fail to put forth any facts indicating that such a policy exists. See Oyenik v. Corizon Health, Inc., 696 F. App'x 792, 794 (9th Cir. 2017) (noting that "one or two incidents are insufficient to establish a custom or policy . . . ."). As a result, Liberty Mutual and Liberty Holding are improper Defendants, and are DISMISSED from this action. Plaintiffs will be permitted leave to amend.

### 2. Defendant Shaffer

Defendant Shaffer was Liberty's adjuster assigned to Plaintiffs' insurance claim. Previously, the Court found that Shaffer was an improper Defendant because "nothing in the FAC suggests that Shaffer acted outside the scope of her employment, as a dual agent, or for her own personal benefit." ECF No. 28 at 7:21-25. Consequently, Shaffer was dismissed from this action with leave to amend. Id. at 7:25. Plaintiffs now contend that Shaffer operated outside the scope of her employment because she acted for personal financial gain, thus making her individually liable in this action. SAC ¶ 153. Specifically, Plaintiffs' contend that Shaffer made false representations regarding

entitlements under the insurance policy to "benefit herself, given the perqs and financial incentives made available to adjusters . . ." who denied valid claims. SAC ¶ 150. Plaintiffs' further argue that Shaffer "made these representations to benefit herself, for the sole purpose of keeping her employer happy, maintaining her position within the company and obtaining bonuses in the form of a portion of the financial gains created by the misrepresentations." Id. at ¶ 151. For the reasons that follow, the Court disagrees with Plaintiffs' contention that Shaffer acted outside the scope of her employment with Liberty.

It is well recognized that "[a]n agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." Icasiano v. Allstate Ins. Co., 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000) (citing Lippert v. Bailey, 241 Cal. App. 2d 376, 382 (1966). Courts have frequently concluded that insurance agents were fraudulently joined when their alleged misconduct concerned actions within the scope of their work. See, e.g., Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 808 (N.D. Cal. 1998) (finding no California case "holding that an insurance agent whose principal is disclosed can ever be held liable for acts committed within the scope of his or her agency."). The scope of employment is viewed broadly, and may include conduct or behavior "that is not the ultimate object of employment." Lopez v. Chertoff, No. ED CV 07-1566-LEW, 2009 U.S. Dist. LEXIS 16943, at *8 (E.D. Cal. Mar. 2, 2009) (further providing that "[t]he proper inquiry is not whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the employee which were authorized by the employer.") (internal citations omitted). Finally, an employee may be found to be acting within the scope of employment even if they have an ulterior motive. See Vierria v. California Highway Patrol, No. CIV S-09-0305 KJM, 2011 WL 2971170, at *8 (E.D. Cal. July 20, 2011).

Plaintiffs contend that even if Shaffer acted within the scope of her employment, the allegation that she acted for her own benefit is sufficient to establish individual

liability. Pls' Opp. at 11:4–12:7. The Court disagrees. Plaintiffs present no authority supporting that an insurance agent with a disclosed principal can be individually liable for acts committed within the scope of her agency. Good, 5 F. Supp. 2d at 808.[4] Here, the SAC does no more than allege that Shaffer denied appropriate claims, which according to Plaintiffs, were covered under the policy. Regardless of whatever motivation Shaffer may have had for denying the claims, doing so was well within the scope of her employment as an adjuster for Liberty. Thus, Defendants' request is GRANTED, and Shaffer is DISMISSED from this action. Plaintiffs will be permitted leave to amend.

### 3. Unfair Competition

Plaintiffs allege an unfair competition claim against the Liberty Defendants pursuant to California's Business and Professions Code § 17200 et seq., more commonly known as California's Unfair Competition Law ("UCL"). In its prior Order, the Court dismissed Plaintiffs' unfair competition claim because the First Amended Complaint "fail[ed] to allege facts indicating that any money was paid to Defendants that should be restored to Plaintiffs." ECF No. 28 at 9:8-11. Plaintiffs now allege that Defendants falsely advertised that they will "stand with" their insureds by paying their claims appropriately and promptly. SAC ¶ 121. These advertisements, Plaintiffs contend, falsely suggest to the public that Defendants' services are superior to their competitors, which in turn entitles Plaintiffs to the return of their premium payments. Id. at ¶ 123-24, 128.

Notwithstanding Plaintiffs' flimsy assertions concerning Defendants' advertisements, they sufficiently plead an UCL claim against Liberty due to the surviving breach of the duty of good faith cause of action. See Sol. 21 Inc. v. Hiscox Ins. Co. Inc., No. 8:17-CV-244-JLS-DFMX, 2017 WL 5714717, at *3 n.1 (C.D. Cal. Mar. 27, 2017) ("The Ninth Circuit has also suggested that breach of the covenant of good faith and fair

---

[4] By suggesting that Shaffer's actions were undertaken to "keep[ ] her employer happy," Plaintiffs support that these acts were within the scope of her employment. That Plaintiffs allege Shaffer acted for her own benefit does not change this analysis. See Rizzo v. Ins. Co. of Pa., 969 F. Supp. 2d 1180, 1192 (C.D. Cal. 2013) (finding that acts motivated by an agent's desire to obtain increased salaries and benefits do not necessarily cause such acts to not "arise out of the employment.").

dealing may serve as a predicate violation for an UCL claim . . .") (citing Mercado v. Allstate Ins. Co., 340 F.3d 824, 828 n.3).  Therefore, Defendants' request to dismiss the unfair competition cause of action is DENIED with regard to Liberty.  Because the Court already dismissed the parent company Defendants from this action, it need not address the sufficiency of the UCL claim as to these particular Defendants.

### 4. Negligent Misrepresentation

Plaintiffs assert a negligent misrepresentation claim against all Defendants based on Shaffer's alleged statements concerning the terms of the insurance policy.  The elements of negligent misrepresentation are: (1) a misrepresentation, to include concealment, or nondisclosure; (2) lack of any reasonable grounds for believing the representation to be true; (3) justifiable reliance; and (4) damages.  Charnay v. Cobert, 145 Cal. App. 4th 170, 184-85 (2006).  The Court notes that to satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b), Plaintiffs' allegations of fraud must specify the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations omitted).

Plaintiffs claim, in part, that Shaffer misrepresented Liberty's obligation to replace flooring in undamaged rooms to accomplish "a reasonably uniform appearance," (id. at ¶ 139), and that her failure to authorize alternate housing arrangements constituted a representation of Plaintiffs' policy benefits. Id. at ¶ 132.  Plaintiffs contend that Shaffer's statements concerning Liberty's contractual responsibilities constitute negligent misrepresentations because Shaffer knew, or should have known, that the policy included these benefits.  In response, Defendants argue that Plaintiffs' SAC not only fails to meet the heightened pleading standards under Rule 9(b), but furthermore omits factual support for two required elements of a negligent misrepresentation claim— namely, a misrepresentation and justified reliance.  The Court agrees with Defendants. Plaintiffs allege nothing more than misstatements of law, which do not amount to actionable fraud.  In California, "it is well settled that the interpretation of an insurance

policy is a legal rather than a factual determination." See Chatton v. Nat'l Union Fire Ins. Co., 10 Cal. App. 4th 846, 865 (1992) (rejecting an insurer's liability due to statements of available coverage made by its agents); Miller v. Yokohama Tire Corp., 358 F.3d 616, 521 (9th Cir. 2004) (finding that as a general rule, "fraud cannot be predicated upon misrepresentations as to matters of law.") (internal citations omitted). Shaffer's alleged misstatements relate to interpretations of Liberty's obligations under the policy agreement—i.e. her opinions—and as such are not actionable as misrepresentations.[5] See Mutual Life Ins. Co. of New York v. Phinney, 178 U.S. 327, 342-43 (1900) (where both parties are privy to the terms of the contract, one party's interpretation thereof is an expression of an opinion, not a statement of fact). Plaintiffs' allegations support that Shaffer's interpretations of the insurance policy were incorrect, not that she made misstatements of fact. Furthermore, the SAC fails to establish reliance on any of these alleged misrepresentations, as Plaintiffs retained counsel early in the claim dispute, indicating that they did not rely on Defendants' representations. SAC ¶ 142-49. Under California law, "recovery [for fraud] is not permitted when the representee makes his own investigation, discovers the true facts, and acts without reliance upon the representations." Smith v. Brown, 59 Cal. App. 2d 836, 838 (1943). Accordingly, Plaintiffs' negligent misrepresentation claim fails, and is DISMISSED with leave to amend.[6]

**B.    Motion to Remand**

Because Defendant Shaffer has been dismissed from this action, complete diversity exists between the remaining parties and Plaintiffs lack grounds to remand the action to state court. Therefore, Plaintiffs' Motion of Remand (ECF No. 30) is DENIED without prejudice.[7]

---

[5] Indeed, Plaintiffs' SAC asserts that "in the opinion of Liberty, the [damaged] cabinet could be reinstalled." SAC ¶ 146 (emphasis added).

[6] The Court does not address Plaintiffs' claim of intentional misrepresentation, as that claim is only raised against Defendant Shaffer, who has been dismissed from this action.

[7] Alternatively, the Court finds that Shaffer was improperly joined in this action for the purpose of

11

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF No. 30) is DENIED. Defendants' Motion to Dismiss (ECF No. 32) is GRANTED, in part, and DENIED in part, as follows:

1. The motion is GRANTED as to the dismissal of Defendants Liberty Mutual and Liberty Holding, as well as Defendant Shaffer—each is dismissed from this action without prejudice;
2. DENIED as to the unfair competition cause of action against Liberty, and GRANTED as to the parent company Defendants, without prejudice;
3. GRANTED as to the negligent misrepresentation cause of action as to all Defendants, without prejudice; and
4. GRANTED as to the intentional misrepresentation cause of action as to Defendant Shaffer, without prejudice.

If Plaintiffs choose to amend, they are ordered to file an amended complaint not later than twenty (20) days from the date of electronic filing of this Order.

IT IS SO ORDERED.

Dated: December 30, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

destroying diversity. See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).