MICHAEL J. LEVANGIE, State Bar # 160163
SHAWN C. LOORZ, State Bar #250985
**LEVANGIE LAW GROUP**
2021 N Street
Sacramento, CA 95811
Tel: (916) 443-4849
Fax: (916) 443-4855

Attorneys for Plaintiffs
ROBIN L. DOBBEL and JONATHAN K. DOBBEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN L. DOBBEL, JONATHAN K. DOBBEL,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL HOLDING COMPANY INC.; LIBERTY MUTUAL INSURANCE COMPANY; ANDI SHAFFER; and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO. 2:17-cv-02114-MCE-EFB<br><br>STIPULATION AND ORDER APPROVING MODIFICATION OF PRETRIAL SCHEDULING ORDER |

COMES NOW, PLAINTIFFS ROBIN L. DOBBEL AND JONATHAN K. DOBBEL ("Plaintiffs") and DEFENDANT LIBERTY INSURANCE CORPORATION ("Defendant" or "Liberty") and respectfully submits this Stipulation and Proposed Order to modify the Pretrial Scheduling Order issued in this matter, on January 2, 2019, Docket Document 39.

///

///

# I.

## PERTINENT BACKGROUND INFORMATION

1. The court issued, *sua sponte,* an Initial Pretrial Scheduling Order on October 12, 2017 in this matter (Docket Document 2).

2. In the Initial Pretrial Scheduling Order, the court set date deadlines related to many pretrial issues, including (1) Service of Process; (2) Discovery; (3) Disclosure of Expert Witnesses; (4) Dispositive Motions; (5) Trial Setting; and (6) Settlement Conference.

3. The Initial Pretrial Scheduling Order also permits modification with good cause and the courts permission at paragraph VII, located at pg 07:01-07.

4. In this stipulation, Plaintiffs and Defendant both submit that good cause exists to modify the Pretrial Scheduling Order, and the Parties respectfully request the court to do so.

5. On August 7, 2018, Plaintiffs filed their Second Amended Complaint against Liberty, along with the formerly joined defendants Liberty Mutual Holding Company, Liberty Mutual Insurance Company, and Andi Shaffer. Shortly thereafter, on August 15, 2018, Plaintiffs filed a motion to remand the matter to the Sacramento County Superior Court. In response, the named defendants filed a Motion to Dismiss the Second Amended Complaint, and an Opposition to the motion to remand.

6. Prior to issuing a ruling on the competing Motions, this Court issued an Order Modifying Initial Pretrial Scheduling Order, Docket Document 39, given that, at the time, discovery would soon be closed and expert witness designation dates would be quickly coming due, prior to the filing of an Answer to the Second Amended Complaint.

7. The Initial Pretrial Scheduling Order set forth the following pertinent deadlines:
    a. Discovery: The court ordered that discovery was to be concluded within 365 days of the federal case being opened. The court defined this as meaning that "all

discovery, with the exception of expert discovery … shall be completed within 365 days from the date the federal case was opened." The court defined "completed" as all discovery having been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary.

   b. Disclosure of Expert Witnesses: The court ordered disclosure of expert witnesses no later than 60 days past the close of discovery. As such, absent modification, disclosure of expert witnesses would be due no later than December 11, 2018.

   c. Dispositive Motions: The court has ordered that dispositive motions shall be filed no later than 180 days after the close of non-expert discovery. As such, absent modification, dispositive motions would be due no later than April 10, 2019.

   d. Trial Setting: The parties were ordered to file a Joint Notice of Trial readiness no later than 30 days after receiving the Court's ruling on the last filed dispositive motion. Or in the alternative, within 30 days after the close of the designation of supplemental expert witnesses.

8. The Order Modifying Initial Pretrial Scheduling Order provides as follows:

   a. The following language from the second paragraph of section "II. DISCOVERY" at pg 2:17–18 is stricken: "All discovery, with exception of expert discovery, shall be completed no later than three hundred sixty-five (365) days from the date the federal case was opened."

   b. The above stricken language shall be replaced with the following: "All discovery, with the exception of expert discovery, shall be completed no later than 270 days after the date the final Answer is filed by any remaining Defendant(s) following the

Court's ruling on Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss the Second Amended Complaint."

    c. All other date deadlines included within the PTSO shall be calculated based upon the new discovery deadline.

    d. Should the matter be remanded to state court, state court rules shall be followed to determine discovery and all other time deadlines.

9. On January 3, 2019, the Court issued an Order dismissing defendants Liberty Mutual Holding Company, Liberty Mutual Insurance Company, and Andi Shaffer, along with the cause of action for Negligent Misrepresentation against Liberty, Docket Document 40. The Court also denied Plaintiffs' Motion to Remand.

10. On January 17, 2019, Liberty timely filed its Answer to the remaining claims set forth in the Second Amended Complaint, Docket Document 41. Based upon the date of the filing, it appears that October 14, 2019 is the date that all discovery, with the exception of expert discovery, shall be completed, pursuant to the Pretrial Scheduling Order, Docket Document 39.

11. Thereafter, on January 23, 2019, Plaintiff filed a Third Amended Complaint against Defendant, Docket Document 40, which alleges causes of action for Breach of Contract, Breach of Duty of Good Faith, Unfair Competition, and Negligence Per Se.

12. On February 8, 2019, Defendant filed a Motion to Dismiss the Third Amended Complaint, Docket Document 45. The Motion, which was noticed to be heard on March 21, 2019, has been fully briefed by the Parties. The Court has taken the matter under submission.

13. On August 26, 2019, the Court issued its ruling on the Motion to Dismiss the Third Amended Complaint, granting the motion as to the Fourth Cause of Action for Negligence Per Se and dismissing that cause of action. Defendant's Answer to the Third Amended

Complaint is currently due to be filed on September 10, 2019. The parties hereby stipulate to a one-week extension of time for Defendant to file its Answer to the Third Amended Complaint.. The parties agree that Defendant's Answer to the Third Amended Complaint shall be due September 17, 2019.

## II.

## **REQUESTED RELIEF**

14. Plaintiffs and Defendant agree that good cause exists to modify the current Pretrial Scheduling Order. The Parties jointly stipulate to and request the court to modify the language in the Pretrial Scheduling Order as follows:

    a. Strike the following language from the third paragraph, section "b" at pg 2:3-8, Docket Document 39: "All discovery, with exception of expert discovery, shall be completed no later than 270 days after the date the final Answer is filed by any remaining Defendant(s) following the Court's ruling on Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss the Second Amended Complaint."

    b. The above stricken language shall be replaced with the following: "All discovery, with the exception of expert discovery, shall be completed no later than 270 days after the date an Answer is filed by Defendant Liberty Insurance Corporation following the Court's ruling on the Motion to Dismiss the Third Amended Complaint."

    c. The Parties further stipulate that all other date deadlines included within the Initial Pretrial Scheduling Order shall be calculated based upon the new discovery deadline.

15. The Parties further jointly stipulate and request that the Court grant their stipulation for a one-week extension of time for Defendant to file its Answer to the Third Amended

Complaint. Defendant's Answer to the Third Amended Complaint shall be due September 17, 2019.

### III.

### **GOOD CAUSE EXISTS TO MODIFY THE ORDER**

16. Both Parties agree that Good Cause exists to modify the Pretrial Scheduling Order.

17. The Parties assert that Good Cause Exists as a result of:

   a. While discovery would arguably be closed on October 14, 2019, absent modification, the matter is not yet at-issue. At this time, the Parties are not aware what claims will survive Defendant's Motion to Dismiss the Third Amended Complaint. To date, Defendant has not filed an Answer to the Third Amended Complaint, and as such, neither side is fully aware of the other's surviving claims or defenses.

   b. The Parties agree that further discovery is required by both Parties. Both Parties anticipate further written discovery, and party and witness depositions, upon determination of the surviving claims and defenses.

   c. The Parties agree that without having a full and complete understanding of the scope of the operative allegations by Plaintiffs, and the affirmative defenses thereto, neither party is currently able to determine which experts are required, and that neither party will be prepared to properly disclose their expert witnesses, until fact discovery has been conducted with respect to the surviving claims and defenses.

   d. The Parties agree that it is appropriate for both Parties to be able to identify the scope of necessary discovery once the surviving claims have been determined following the Court's Order on the pending Motion to Dismiss. Until such time, the Parties cannot determine the factual and legal issues that must be determined

through the discovery process, which are pertinent to the liability considerations to be decided in this Lawsuit.

### IV.

### **CONCLUSION**

18. Plaintiffs and Defendant jointly and respectfully stipulate and request the court to modify the Pretrial Scheduling Order as is described above and grant the parties' stipulation for a one-week extension of time for Defendant to file its Answer to the Third Amended Complaint. Modifying the discovery cut-off will also modify the remaining time deadline orders which all flow, directly or indirectly, from the discovery cut-off.

**IT IS SO STIPULATED**

DATED: September 10, 2019  **LEVANGIE LAW GROUP**

By: /s/ Shawn C. Loorz
　　MICHAEL J. LEVANGIE
　　SHAWN LOORZ
　　Attorneys for Plaintiffs


DATED: September 10, 2019  **ROPERS MAJESKI KOHN & BENTLEY PC**

By: /s/ Blake J. Russum
　　BLAKE J. RUSSUM
　　Attorney for all Defendant
　　LIBERTY INSURANCE CORPORATION

MICHAEL J. LEVANGIE, State Bar # 160163
SHAWN C. LOORZ, State Bar # 250985
**LEVANGIE LAW GROUP**
2021 N Street
Sacramento, CA 95811
Tel: (916) 443-4849
Fax: (916) 443-4855

Attorneys for Plaintiffs
ROBIN L. DOBBEL and JONATHAN K. DOBBEL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN L. DOBBEL, JONATHAN K. DOBBEL,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL HOLDING COMPANY INC.; LIBERTY MUTUAL INSURANCE COMPANY; ANDI SHAFFER; and DOES 1 through 50, inclusive.<br><br>Defendants. | CASE NO. 2:17-cv-02114-MCE-EFB<br><br>**ORDER APPROVING MODIFICATION OF PRETRIAL SCHEDULING ORDER** |

FOR GOOD CAUSE APPEARING, the Court orders the Pretrial Scheduling Order to be modified as follows:

   a. The following language from the third paragraph, section "b" at pg 2:3-8, Docket Document 39: "All discovery, with exception of expert discovery, shall be completed no later than 270 days after the date the final Answer is filed by any remaining Defendant(s) following the Court's ruling on Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss the Second Amended Complaint."

   b. The above stricken language shall be replaced with the following: "All discovery, with the exception of expert discovery, shall be completed no later than 270 days after the date an Answer is filed by Defendant Liberty Insurance Corporation

Stipulation And Order Approving Modification Of Pretrial Scheduling Order

following the Court's ruling on the Motion to Dismiss the Third Amended Complaint."

    c. All other date deadlines included within the Initial Pretrial Scheduling Order shall be calculated based upon the new discovery deadline.

FOR GOOD CAUSE APPEARING, the stipulation for extension of time for Defendant to file its Answer to the Third Amended Complaint is GRANTED. Defendant's Answer shall be due September 17, 2019.

IT IS SO ORDERED.

Dated: September 25, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Stipulation And Order Approving Modification Of Pretrial Scheduling Order